ELÍAS, DEMANDANTE Y APELANTE, *v.* BANCO POPULAR DE SAN JUAN ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en Procedimiento de Tercería.

No. 2057.—Resuelto en mayo 28, 1920.

BIENES EXENTOS DE EJECUCIÓN—BIENES GANANCIALES—TERCERÍA.—Habiendo la demandante, apelado de una sentencia que desestimó su demanda de tercería entablada en enero 22 de 1916 para eximir de cierto embargo y ejecución ordenada contra su esposo las rentas de una propiedad aportada por ella al matrimonio, *se resolvió:* Que no obstante su carácter de gananciales, tales rentas, a la fecha en que se entabló la demanda, no estaban sujetas a embargo para responder de deudas contraídas por el esposo durante el matrimonio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Hernández López.*

Abogado de los apelados: *Sr. Damián Monserrat, Jr.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La demandante apela de una sentencia que declara sin lugar su demanda de tercería en la que trataba de eximir de los efectos de un embargo y orden de ejecución contra su esposo, las rentas de cierta propiedad que a ella pertenecía por ser de su exclusiva propiedad. La demanda se entabló en 22 de enero de 1916, con motivo de un embargo anterior.

Los fundamentos que sirvieron de base a la sentencia son los referidos por el juez sentenciador, a saber:

"Queda el caso reducido a una cuestión de ley; la de si las rentas o frutos de bienes propios de la esposa, son gananciales y responden de deudas contraídas por el marido durante el matrimonio.

"La cuestión nace de si rige el artículo 1323 del Código Civil, o si ha sido derogado por el artículo 248 del Código de Enjuiciamiento Civil.

"La corte declara que las rentas y frutos de bienes propios de cualquiera de los cónyuges se reputan gananciales, y son tales, a menos que se pruebe que el matrimonio se contrajo excluyendo el régimen económico de gananciales.

"Declara también la corte que las obligaciones de la sociedad de gananciales se hallan regidas, especialmente, por las disposiciones contenidas en el Capítulo IV, Título III, Libro 4º. del Código Civil, y no por leyes de procedimiento; y que este caso se halla regido por el artículo 1323 del Código que no ha sido derogado, según se ve en la doctrina sentada por la Corte Suprema de Puerto Rico en diversos casos, y especialmente en el caso *Vivaldi* v. *Mariani,* 10 D. P. R. 444."

De la doctrina del caso de Vivaldi v. Mariani y otros casos que han sido citados infiere el apelado las siguientes conclusiones:

"A. Que las rentas de la casa No. 32 de la calle de la Cruz de esta ciudad, propiedad exclusiva de la tercerista son bienes gananciales.

"B. Que como tales bienes gananciales no son de la exclusiva propiedad de la esposa ni tampoco del marido.

"C. Que tales bienes pertenecen a la persona jurídica sociedad conyugal."

Para los fines de esta opinión no es necesario que se discuta la razón que informa estas proposiciones. De ello no se infiere, sin embargo, que la Legislatura no tiene facultad para eximir a cualquier determinada porción o clase de bienes gananciales de una orden de ejecución. Tales exenciones no son raras aunque varían en los diferentes Estados donde rige la sociedad de gananciales y si bien modifican en cierto modo las reglas generales que son aplicables a la propiedad que de tal modo ha quedado exenta, no destruyen necesaria-

mente su carácter de ganancial.   McKay sobre Bienes Ga-
nanciales, artículos 294, 304.

La cuestión no es como ha dicho el juez sentenciador, si
las rentas y productos de los bienes inmuebles privativos de
la esposa son o no gananciales, sino pura y simplemente si
tales rentas y ganancias están exentas de la ejecución se-
guida contra el marido, no obstante su carácter de ganan-
ciales.

El artículo 248 del Código de Enjuiciamiento Civil y el
efecto de la exención que en dicho artículo se establece no
fueron considerados en el caso de *Vivaldi* v. *Mariani*, ni en
ninguno de los casos citados por el apelado.   Ese artículo es
como sigue:

"Artículo 248.—Toda propiedad, real o personal, perteneciente a
una mujer casada, a la fecha de su matrimonio o que posterior-
mente adquiera por derecho propio, y todas las rentas, beneficios y
productos de la misma, así como toda retribución que le sea debida
o le corresponda por sus servicios personales estarán exentos de una
orden de ejecución contra su esposo."

El texto citado no convierte necesariamente en bienes pri-
vativos las rentas, beneficios y productos mencionados ni su-
pone, como alega el apelado, que son bienes particulares; sino
que meramente expresa que estarán exentos de una orden
de ejecución contra el esposo.   Los términos en que está re-
dactado son muy claros para que requieran interpretación y
enuncian la única regla que es aplicable a los casos a que se
refiere.   Como última expresión del pensamiento legislativo
la regla así prescrita debe regir sobre el punto indicado en
caso de existir conflicto con cualquier precepto del Código Ci-
vil, o alguna otra disposición estatutoria anterior.   Resolver
otra cosa equivaldría a una tentativa para derogar mediante
legislación judicial toda aquella parte del artículo que consi-
deramos relativa a las rentas, beneficios y productos.   Sin
embargo, con sujeción a esta ligera modificación el artículo
1323 del Código Civil y todos los demás preceptos del mismo
ya definan tales rentas, beneficios y productos como bienes

gananciales o los regulen como tales, permanecen en toda su
fuerza y vigor:

"Una derogación que resulte de una incompatibilidad y contra-
dicción irreconciliable entre dos leyes se juzga por el alcance del
conflicto o incompatibilidad, y si cualquiera parte de la primitiva
ley puede subsistir por no estar derogada o afectada por la ley pos-
terior, no queda derogada." 25 R. C. L., p. 916, sección 167.

Nada tenemos que ver con el criterio bueno o malo de la
innovación.

"La derogación tácita descansa en la presunción de que la le-
gislatura trató de dar efecto a sus disposiciones legislativas." 25
R. C. L., 917, sección 168, y casos citados.

Sin embargo, prescindiendo de tal presunción, toda duda
que pudiera surgir acerca de cualquier inadvertencia posible
al decretarse originalmente el artículo 248, *supra,* queda re-
suelta por el hecho de que doce años después, o sea en 13
de abril de 1916, dicho artículo fué expresamente enmendado
a fin de que quedara redactado en los términos siguientes:

"Toda propiedad real o personal, perteneciente a una mujer ca-
sada, a la fecha de su matrimonio, o que posteriormente adquiera
por derecho propio, así como toda retribución que le sea debida o
le corresponda por sus servicios personales, estarán exentas de una
orden de ejecución contra su esposo; pero no gozarán de este privi-
legio de exención los beneficios, rentas y productos de los bienes pri-
vativos de la mujer casada, quedando aquellos sujetos en una mi-
tad de su valor, a una orden de ejecución dictada contra su esposo."

Hemos considerado el presente caso bajo el punto legal
en discusión de si es de aplicación el artículo 1323 del Código
Civil según regía con anterioridad a 1904, o el 248 del Có-
digo de Enjuiciamiento Civil antes de ser enmendado, y úni-
camente hemos mencionado la enmienda de 1916 para dar én-
fasis a la intención inequívoca del legislador. La contro-
versia fué sometida en la corte inferior por medio de una
relación de hechos convenida por las partes para la resolu-

ción de la cuestión como fué planteada, y no habiendo sido sugerida ninguna otra cuestión en apelación debe considerarse el caso como precedente únicamente en cuanto al punto que ha sido discutido y resuelto.

La sentencia apelada debe ser revocada, dictándose otra por la que se declare con lugar la demanda de tercería, con los demás pronunciamientos consiguientes, sin especial condena de costas.

> *Revocada la sentencia apelada y declarada con lugar la tercería, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.